UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JERAMIE S. HUBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:23-CV-71 |
| | ) |
| IKORCC PENSION PLAN, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Plaintiff, Jeramie S. Huber, proceeding *pro se*, has filed two motions: (1) "Motion To Amend IKORCC's Granting of Dismissal" [DE 21]; and (2) "Motion Request for Discovery" [DE 22]. In addition, Plaintiff sent a letter to the Court "requesting a meeting" with the Court and "any other parties … deem[ed] necessary." [DE 24]. The undersigned has jurisdiction to decide the present matters and to enter final judgment pursuant to 28 U.S.C. § 636(b).[1] For the following reasons, Plaintiff's motions are denied, and the complaint is dismissed with prejudice.

## PROCEDURAL HISTORY

On February 28, 2023, Plaintiff filed a complaint against Defendant Indiana/Kentucky/Ohio Regional Council of Carpenters Pension Plan ("the Plan," a/k/a "IKORCC") using a civil complaint form for pro se litigants. In the space provided for "a short and plain statement telling what each defendant did wrong," Plaintiff wrote:

---

[1] The parties filed their consent to the exercise of jurisdiction by a United States Magistrate Judge in April 2023. [DE 19]. At the time, the case was assigned to Magistrate Judge Joshua P. Kolar. The case was later reassigned to the undersigned when Magistrate Judge Kolar was confirmed to the 7th Circuit Court of Appeals. Following the reassignment, the parties were notified they had thirty days within which to object to the continued exercise of jurisdiction by a Magistrate Judge [DE 26], and neither party notified the clerk's office that they had any objections.

> I am suing the IKORCC pension plan for illegal investment of funds (failing to adhere to the bylaws).
>
> The Board of trustees continuously fails to provide documents and funds requested as their bylaws state should be done so [sic] upon request.
>
> My contributions have been used to generate profits in areas other than agreed upon through unlawful investment practices. I made a request with IKORCC Board of Trustees to address the issues and obtain those funds and am being ignored (disregarded).
>
> I am suing for contributions along with all interest and compounding interest earned on my contributions from 2005 to date in both NWI pension plan and merger IKORCC pension plan, along with access to previously requested documents.

[DE 1 at 2].

The Plan responded to Plaintiff's complaint by filing a Rule 12(b)(6) motion to dismiss in which it argued that any claim Plaintiff was attempting to allege was barred by his failure to exhaust administrative remedies and by his inability to allege that he is entitled to receive a distribution from the Plan. [DE 9 at 1, 5-6]. The Plan also argued that any breach of fiduciary duty claim based on illegal investments was legally insufficient for two additional reasons: first, Plaintiff failed to allege factual content to support the claim; and second, a required element of an ERISA claim for breach of fiduciary duty is harm to the pension plan, but Plaintiff only alleged a personal harm, as shown by his request to recover "contributions from 2005 to date." [*Id.* at 1, 6-7].

Judge Kolar granted the Plan's motion to dismiss in an opinion and order entered June 15, 2023 ("Dismissal Order"). Initially, the court declined to dismiss the complaint on the basis of Plaintiff's asserted failure to exhaust his administrative remedies, citing case law indicating that a plaintiff does not need to anticipate an affirmative defense in his complaint, as well as an inference of futility that had been suggested by IKORCC's dismissal arguments. The court

2

found, however, that Plaintiff's allegations of illegal investments did not state a legally sufficient claim for relief because Plaintiff had "not alleged any facts supporting a plausible inference that the merger was improper, or that a merger, improper or not, would entitle him to a distribution of funds." [*Id.* at 7 (footnote omitted)]. The court also held that Plaintiff did not state a legally sufficient nondisclosure claim because he failed to allege "facts supporting a reasonable inference that he was denied some specific information to which he was entitled." [*Id.* at 9]. Although the court dismissed the complaint for failure to state a claim for relief, the dismissal was without prejudice, directing Plaintiff that any request to amend the complaint had to be filed by August 10, 2023. [*Id.* at 10].

## DISCUSSION

The original order granted Plaintiff the opportunity to file an amended complaint to cure the deficiencies which led to the dismissal of the first complaint. Although the caption of the pleading is titled "Motion to Amend," the subheading refers to "IKORCC's Granting of Dismissal." Even if the subheading is ignored, the court, not a defendant, dismisses a case. A liberal reading of the *pro se* motion reveals that it is a motion to reconsider the dismissal order and not a proposed amended complaint.[2]

The arguments raised in the motion are no more cogent than those raised in the prior pleadings. A party is required to identify his factual and legal claims in the complaint and not at a meeting with the court. [DE 24]. Judge Kolar found that Plaintiff failed to state a claim in his original complaint, and Plaintiff has not demonstrated that that decision was clearly erroneous. *See generally* **Mendenhall v. Mueller Streamline Co.**, 419 F.3d 686, 691 (7th Cir. 2005); **Best v.**

---

[2] The court will ignore the fact that the motion to amend did not include the proposed amended complaint. **N.D. Ind. L.R. 15-1(a)(b)**.

3

*Shell Oil Co*, 107 F.3d 544, 546 (7th Cir. 1997) (citing *Avita v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1291, 1227 (7th Cir. 1995); *Series 17-03-615 v. Express Scripts, Inc.*, No. 3:20-cv-50056, 2023 WL 4850676 at *3 (N.D. Ill. July 28, 2023).

Because Plaintiff chose to challenge the dismissal order rather than file an amended complaint, the Plan is entitled to a final judgment. The dismissal of the case moots the request for additional discovery.

## CONCLUSION

For the foregoing reasons, Plaintiff's **"Motion To Amend IKORCC's Granting of Dismissal" [DE 21]** and "Motion Request For Discovery **[DE 22]** are **DENIED**. Plaintiff's letter request for a hearing **[DE 24]** also is **DENIED.** The court **ORDERS** that the complaint **[DE 1]** be **DISMISSED WITH PREJUDICE**, and that final judgment be **ENTERED** in favor of Defendant and against Plaintiff on all of Plaintiff's claims.

So ORDERED this 9th day of April, 2024.

s/ Andrew P. Rodovich  
United States Magistrate Judge

cc:     Pro Se Plaintiff

4